Bonnie Richardson, OSB No. 983331
Email: bonnie@allegiantlaw.com
Marissa Korbel, OSB No. 230272
Email: marissa@allegiantlaw.com
Manuella Tshala, OSB No. 225148
Email: manuella@allegiantlaw.com
Allegiant Law LLP
100 SW Main, Suite 400
Portland, OR 97204
Telephone: (503) 546-4637
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| Shannon Conley, Conservator for Z.C., a minor, )<br><br>Plaintiff, )<br><br>vs. )<br><br>Kim Chapman, Anastasia Brooks, Kassidy O'Brien, Erin Lane, Margaret Ramirez in their individual capacities, )<br><br>Defendants. ) | Case No. 6:23-CV-01353-MK<br><br>DECLARATION OF MARISSA KORBEL IN SUPPORT OF PLAINTIFF'S JOINDER MOTION TO CONSOLIDATE |

I, Marissa Korbel, declare as follows:

1.    I am an attorney licensed in the State of Oregon and I am one of the attorneys for Shannon Conley ("Plaintiff") in the above captioned matter. I make this declaration based upon my personal knowledge and in support of Plaintiff's Joinder Motion to Consolidate.

2.    Attached as Exhibit 1 is a true and accurate copy of August 26, 2024 correspondence between counsel for the parties.

3.    Attached as Exhibit 2 is a true and accurate copy of November 13, 2023

Page 1 – DECLARATION OF MARISSA KORBEL IN SUPPORT OF PLAINTIFF'S JOINDER MOTION TO CONSOLIDATE

correspondence between counsel for the parties.

4.    Attached as Exhibit 3 is a true and accurate copy of February 2, 2024 correspondence from Defendants to Plaintiff Levi.

5.    Plaintiff Levi and Plaintiff Conley have thus far jointly noticed and/or participated in eighteen (18) depositions in the related matters, including the depositions of Defendants, ODHS employees and other third-party witnesses, including witnesses subpoenaed by Defendants.

**I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.**

DATED this 28th day of August 2024.

ALLEGIANT LAW LLP

By _____
Bonnie Richardson, OSB No. 983331
bonnie@allegiantlaw.com
Marissa Korbel, OSB No. 230272
marissa@allegiantlaw.com
Manuella Tshala, OSB No. 225148
manuella@allegiantlaw.com
Attorneys for Plaintiff

Trial Attorney:  Bonnie Richardson

Page 2 – DECLARATION OF MARISSA KORBEL IN SUPPORT OF PLAINTIFF'S JOINDER MOTION TO CONSOLIDATE

## Shelley Maddox

| | |
|---|---|
| **From:** | Harry Wilson <harrywilson@markowitzherbold.com> |
| **Sent:** | Monday, August 26, 2024 4:26 PM |
| **To:** | Mary Skjelset; Lauren Blaesing |
| **Cc:** | Alex Rhee; Hannah K. Hoffman; michelle.watkins@doj.state.or.us; Abigail Adams; jesse@lohrkelaw.com; michelle@mjo-law.com; Bonnie Richardson; Marissa Korbel; Steven Rizzo; Katrina Shearer; Shelley Maddox; Cheridan Carr; Shelley Magar; Kelsie Crippen; Manuella Tshala |
| **Subject:** | RE: Levi & Conley v. Chapman et al. |

I don't have anything to add.

**From:** Mary Skjelset <mskjelset@rizzopc.com>
**Sent:** Monday, August 26, 2024 4:22 PM
**To:** Harry Wilson <harrywilson@markowitzherbold.com>; Lauren Blaesing <laurenblaesing@markowitzherbold.com>
**Cc:** Alex Rhee <alexrhee@markowitzherbold.com>; Hannah K. Hoffman <hannahhoffman@markowitzherbold.com>; michelle.watkins@doj.state.or.us; Abigail Adams <abigailadams@markowitzherbold.com>; jesse@lohrkelaw.com; michelle@mjo-law.com; Bonnie Richardson <Bonnie@allegiantlaw.com>; Marissa Korbel <Marissa@allegiantlaw.com>; Steven Rizzo <SRizzo@rizzopc.com>; Katrina Shearer <Katrina@allegiantlaw.com>; Shelley Maddox <smaddox@rizzopc.com>; Cheridan Carr <ccarr@rizzopc.com>; Shelley Magar <Shelley@allegiantlaw.com>; Kelsie Crippen <kelsiecrippen@markowitzherbold.com>; Manuella Tshala <Manuella@allegiantlaw.com>
**Subject:** RE: Levi & Conley v. Chapman et al.

Can you identify any concerns for prejudice to state defendants if you make our informal relationship official, Harry? I mean beyond a generalized fear of commitment.

**From:** Harry Wilson <harrywilson@markowitzherbold.com>
**Sent:** Monday, August 26, 2024 4:19 PM
**To:** Mary Skjelset <mskjelset@rizzopc.com>; Lauren Blaesing <laurenblaesing@markowitzherbold.com>
**Cc:** Alex Rhee <alexrhee@markowitzherbold.com>; Hannah K. Hoffman <hannahhoffman@markowitzherbold.com>; michelle.watkins@doj.state.or.us; Abigail Adams <abigailadams@markowitzherbold.com>; jesse@lohrkelaw.com; michelle@mjo-law.com; Bonnie Richardson <Bonnie@allegiantlaw.com>; Marissa Korbel <Marissa@allegiantlaw.com>; Steven Rizzo <SRizzo@rizzopc.com>; Katrina Shearer <Katrina@allegiantlaw.com>; Shelley Maddox <smaddox@rizzopc.com>; Cheridan Carr <ccarr@rizzopc.com>; Shelley Magar <Shelley@allegiantlaw.com>; Kelsie Crippen <kelsiecrippen@markowitzherbold.com>; Manuella Tshala <Manuella@allegiantlaw.com>
**Subject:** RE: Levi & Conley v. Chapman et al.

We've already successfully consolidated discovery; we see no need for a different approach.

**From:** Mary Skjelset <mskjelset@rizzopc.com>
**Sent:** Monday, August 26, 2024 3:15 PM
**To:** harrywilson@markowitzherbold.com; Lauren Blaesing <laurenblaesing@markowitzherbold.com>
**Cc:** Alex Rhee <alexrhee@markowitzherbold.com>; Hannah K. Hoffman <hannahhoffman@markowitzherbold.com>; michelle.watkins@doj.state.or.us; Abigail Adams <abigailadams@markowitzherbold.com>; jesse@lohrkelaw.com; michelle@mjo-law.com; Bonnie Richardson <Bonnie@allegiantlaw.com>; Marissa Korbel <Marissa@allegiantlaw.com>; Steven Rizzo <SRizzo@rizzopc.com>; Katrina Shearer <Katrina@allegiantlaw.com>; Shelley Maddox <smaddox@rizzopc.com>; Cheridan Carr <ccarr@rizzopc.com>; Shelley Magar <Shelley@allegiantlaw.com>; Kelsie Crippen <kelsiecrippen@markowitzherbold.com>; Manuella Tshala <Manuella@allegiantlaw.com>
**Subject:** RE: Levi & Conley v. Chapman et al.

EXHIBIT 1
Page 1 of 9

Got it. Will do. Can you explain to me why you oppose the motion, given your request that we coordinate discovery? Or would you like to discuss by phone?

---

**From:** Harry Wilson <harrywilson@markowitzherbold.com>
**Sent:** Monday, August 26, 2024 3:10 PM
**To:** Mary Skjelset <mskjelset@rizzopc.com>; Lauren Blaesing <laurenblaesing@markowitzherbold.com>
**Cc:** Alex Rhee <alexrhee@markowitzherbold.com>; Hannah K. Hoffman <hannahhoffman@markowitzherbold.com>; michelle.watkins@doj.state.or.us; Abigail Adams <abigailadams@markowitzherbold.com>; jesse@lohrkelaw.com; michelle@mjo-law.com; Bonnie Richardson <Bonnie@allegiantlaw.com>; Marissa Korbel <Marissa@allegiantlaw.com>; Steven Rizzo <SRizzo@rizzopc.com>; Katrina Shearer <Katrina@allegiantlaw.com>; Shelley Maddox <smaddox@rizzopc.com>; Cheridan Carr <ccarr@rizzopc.com>; Shelley Magar <Shelley@allegiantlaw.com>; Kelsie Crippen <kelsiecrippen@markowitzherbold.com>; Manuella Tshala <Manuella@allegiantlaw.com>
**Subject:** RE: Levi & Conley v. Chapman et al.

We do not object to expedited treatment ==so long as we get one week for a response==; in other words  you can represent that we don't oppose expedited treatment and will ==file an opposition on Tuesday September 3.==
There are no changes that will change our position.
Thanks
Harry

---

**From:** Mary Skjelset <mskjelset@rizzopc.com>
**Sent:** Monday, August 26, 2024 2:56 PM
**To:** Harry Wilson <harrywilson@markowitzherbold.com>; Lauren Blaesing <laurenblaesing@markowitzherbold.com>
**Cc:** Alex Rhee <alexrhee@markowitzherbold.com>; Hannah K. Hoffman <hannahhoffman@markowitzherbold.com>; michelle.watkins@doj.state.or.us; Abigail Adams <abigailadams@markowitzherbold.com>; jesse@lohrkelaw.com; michelle@mjo-law.com; Bonnie Richardson <Bonnie@allegiantlaw.com>; Marissa Korbel <Marissa@allegiantlaw.com>; Steven Rizzo <SRizzo@rizzopc.com>; Katrina Shearer <Katrina@allegiantlaw.com>; Shelley Maddox <smaddox@rizzopc.com>; Cheridan Carr <ccarr@rizzopc.com>; Shelley Magar <Shelley@allegiantlaw.com>; Kelsie Crippen <kelsiecrippen@markowitzherbold.com>; Manuella Tshala <Manuella@allegiantlaw.com>
**Subject:** RE: Levi & Conley v. Chapman et al.

Oh, and would you object to expedited treatment, given the time factor?

---

**From:** Mary Skjelset
**Sent:** Monday, August 26, 2024 2:55 PM
**To:** Harry Wilson <harrywilson@markowitzherbold.com>; Lauren Blaesing <laurenblaesing@markowitzherbold.com>
**Cc:** Alex Rhee <alexrhee@markowitzherbold.com>; Hannah K. Hoffman <hannahhoffman@markowitzherbold.com>; michelle.watkins@doj.state.or.us; Abigail Adams <abigailadams@markowitzherbold.com>; jesse@lohrkelaw.com; michelle@mjo-law.com; Bonnie Richardson <Bonnie@allegiantlaw.com>; Marissa Korbel <Marissa@allegiantlaw.com>; Steven Rizzo <srizzo@rizzopc.com>; Katrina Shearer <Katrina@allegiantlaw.com>; Shelley Maddox <smaddox@rizzopc.com>; Cheridan Carr <ccarr@rizzopc.com>; Shelley Magar <Shelley@allegiantlaw.com>; Kelsie Crippen <kelsiecrippen@markowitzherbold.com>; Manuella Tshala <Manuella@allegiantlaw.com>
**Subject:** RE: Levi & Conley v. Chapman et al.

No need to confer on why? Any changes that could make it more palatable for State Defendants?

---

**From:** Harry Wilson <harrywilson@markowitzherbold.com>
**Sent:** Monday, August 26, 2024 2:53 PM
**To:** Mary Skjelset <mskjelset@rizzopc.com>; Lauren Blaesing <laurenblaesing@markowitzherbold.com>
**Cc:** Alex Rhee <alexrhee@markowitzherbold.com>; Hannah K. Hoffman <hannahhoffman@markowitzherbold.com>;

EXHIBIT 1
Page 2 of 9

michelle.watkins@doj.state.or.us; Abigail Adams <abigailadams@markowitzherbold.com; jesse@lohrkelaw.com; michelle@mjo-law.com; Bonnie Richardson <Bonnie@allegiantlaw.com; Marissa Korbel <Marissa@allegiantlaw.com; Steven Rizzo <SRizzo@rizzopc.com>; Katrina Shearer <Katrina@allegiantlaw.com>; Shelley Maddox <smaddox@rizzopc.com>; Cheridan Carr <ccarr@rizzopc.com>; Shelley Magar <Shelley@allegiantlaw.com>; Kelsie Crippen <kelsiecrippen@markowitzherbold.com>; Manuella Tshala <Manuella@allegiantlaw.com>
**Subject:** RE: Levi & Conley v. Chapman et al.

Mary
We oppose the motion  and you can so represent.
Harry

---

**From:** Mary Skjelset <mskjelset@rizzopc.com>
**Sent:** Monday, August 26, 2024 1:05 PM
**To:** Harry Wilson <harrywilson@markowitzherbold.com>; Lauren Blaesing <laurenblaesing@markowitzherbold.com>
**Cc:** Alex Rhee <alexrhee@markowitzherbold.com>; Hannah K. Hoffman <hannahhoffman@markowitzherbold.com>; michelle.watkins@doj.state.or.us; Abigail Adams <abigailadams@markowitzherbold.com>; jesse@lohrkelaw.com; michelle@mjo-law.com; Bonnie Richardson <Bonnie@allegiantlaw.com>; Marissa Korbel <Marissa@allegiantlaw.com>; Steven Rizzo <SRizzo@rizzopc.com>; Katrina Shearer <Katrina@allegiantlaw.com>; Shelley Maddox <smaddox@rizzopc.com>; Cheridan Carr <ccarr@rizzopc.com>; Shelley Magar <Shelley@allegiantlaw.com>; Kelsie Crippen <kelsiecrippen@markowitzherbold.com>; Manuella Tshala <Manuella@allegiantlaw.com>
**Subject:** RE: Levi & Conley v. Chapman et al.

Hi Harry et al,

Any feedback on the motion to consolidate?

I'd like to file it today if possible. Can I file it as unopposed?

Thanks,

Mary

---

**From:** Mary Skjelset
**Sent:** Thursday, August 22, 2024 3:33 PM
**To:** Harry Wilson <harrywilson@markowitzherbold.com>; Lauren Blaesing <laurenblaesing@markowitzherbold.com>
**Cc:** Alex Rhee <alexrhee@markowitzherbold.com>; Hannah K. Hoffman <hannahhoffman@markowitzherbold.com>; michelle.watkins@doj.state.or.us; Abigail Adams <abigailadams@markowitzherbold.com>; jesse@lohrkelaw.com; michelle@mjo-law.com; Bonnie Richardson <Bonnie@allegiantlaw.com>; Marissa Korbel <Marissa@allegiantlaw.com>; Steven Rizzo <srizzo@rizzopc.com>; Katrina Shearer <Katrina@allegiantlaw.com>; Shelley Maddox <smaddox@rizzopc.com>; Cheridan Carr <ccarr@rizzopc.com>; Shelley Magar <Shelley@allegiantlaw.com>; Kelsie Crippen <kelsiecrippen@markowitzherbold.com>; Manuella Tshala <Manuella@allegiantlaw.com>
**Subject:** RE: Levi & Conley v. Chapman et al.

Hi Harry and Hannah,

I'm writing to recap our conferral call today. Thank you for taking the time. It is often helpful to talk as human beings, so we can avoid miscommunications and missteps.

We discussed the following issues: Plaintiffs' proposed motion to consolidate the cases for the remaining discovery; parties' disparate interpretations of Judge Kasubhai's ruling re the discoverability of DHS documents in the children's supplemental confidential files (ECF 157); State Defendants' recent production of previously

3

EXHIBIT 1
Page 3 of 9

withheld documents; and Plaintiff Conley's request re the parameters and instructions of the searches of cellular devices.

I'll leave the Conley search questions for Marissa to address, and take the remainder in order. Let me know if you disagree with any statements or have additional thoughts.

*Proposed Motion to Consolidate*

We have been proceeding effectively as though the cases are consolidated for the purposes of discovery: coordinating depositions, combining hearings, collaborating on briefing and argument, etc. It is unfortunate that we cannot consolidate for trial, because I think that would save much time and money, but Plaintiff Levi cannot be prejudiced by losing the trial date that has taken years to set. Let me know if your client(s) might consider consolidation through trial with the current trial setting starting 2/10/25.

Assuming your clients do not agree, I prepared a draft motion to consolidate for the remaining fact discovery, i.e. the finite items addressed and/or ordered by Judge Kasubhai at the August 6, 2024 hearing. *See* attached. Let me know if your clients can agree to this limited consolidation. I tried to make it as straightforward as possible, but am open to suggestions. I'd like to file tomorrow or Monday if possible, and request your position by tomorrow afternoon.

*ECF 157 Ruling re DHS Documents in the Supplemental Confidential File*

We have produced all LCJC materials to State Defendants, including the entire supplemental confidential file(s) for both ZC and JC and all FTRs on August 12, 2024. We did this prior to the Court's written ruling in order to allow State Defendants sufficient time to prepare for upcoming depositions. However, after revisiting the Court's Order in ECF 157 re the discoverability of DHS documents in the LCJC files, we reserved the right to clawback "documents prepared by DHS, submitted to the Lane County Juvenile Court, and maintained in the juvenile court's supplemental confidential file," which Judge Kasubhai decided were "not discoverable." Unsurprisingly, you do not agree that this ruling seems to implicate whether Plaintiffs must produce the "documents prepared by DHS" in the "juvenile court's supplemental confidential file." We will seek clarity from Judge Kasubhai.

*State Defendants' recent production of previously withheld documents*

As you are well aware, the Court is in the process of an *in camera* review of documents withheld by State Defendants as privileged. On August 20, 2024, State Defendants produced two additional documents that were previously withheld in their entirety as privileged and/or work product: (1) a 8/16/2018 email correspondence from Defendant O'Brien to Lisa E. Ingram (and copying her supervisor Defendant Lane) relaying the fact that she "was subpoenaed by the defense attorney, John Kolego, on the Raygosa hearing," and attaching a picture of the trial subpoena (presumably taken on her cellular device); and (2) an email from Tricia Gonzalez to Stephen Hammond attaching the complete and signed affidavit re prior concerns in the Duncan-Raygosa foster home.

    –  *O'Brien Email.* We had been asking for evidence of a subpoena to Kat O'Brien for quite some time. At deposition, she recalled testifying "briefly" at the Raygosa criminal trial but could not recall who called her to testify, whether it was the defense attorney, whether she had any communications with said defense attorney or what was the nature or content of her testimony. As a result of State Defendants' withholding, we were foreclosed from refreshing her memory and asking additional questions about the timing and scope of her interactions with Mr. Kolego. When asked whether you were waiving the work product assertion by producing this email (in its redacted form) now, you indicated that you were not, and that you had simply re-evaluated the assertions and determined this email was not protected work

EXHIBIT 1
Page 4 of 9

product. But you continue to assert work product over the remainder of the email chain – including the subject line.

– *Hammond final Affidavit email*. At the deposition of Mr. Hammond, he indicated he was prepared on the final, signed affidavit, which we did not question him about because we were awaiting ruling from Judge Kasubhai on the LCJC privilege issue (the affidavit was filed under seal, and not provided to the parties). We have repeatedly asked State Defendants whether they had the LCJC materials, including the Hammond Affidavit, and you have indicated you do not. So it was perplexing, to say the least, that Mr. Hammond was prepared on an Affidavit that was under seal and part of a record you claimed you did not have. We sought to understand how the Trial Division attorneys could have the document, and you sent this email, which attached the final affidavit. For this email, you claim a "coding error" resulted in the withholding and that it was never privileged. I have repeatedly asked about the FTRs Hammond obtained (swiftly and easily) from the LCJC in 2018, which have not been produced to us. Mr. Hammond testified he did not delete these FTRs or his accompanying notes. But State Defendants have not produced them.

It seems like there is a pattern of previously "privileged" communications suddenly becoming discoverable when we ask direct questions about clear gaps in the discovery. While we do not want to discourage State Defendants' decision to revisit its claims of privilege, the onus is not on a civil rights litigant to prove that the assertions are cloaking material evidence.

As discussed, we do intend to write a letter to the court to supplement the briefing on the *in camera* review and related waiver motion with this new information.

Thank you again for your time today. Let me know about the FTRs.

Best,

Mary

---

**From:** Harry Wilson <harrywilson@markowitzherbold.com>
**Sent:** Wednesday, August 21, 2024 1:30 PM
**To:** Mary Skjelset <mskjelset@rizzopc.com>; Lauren Blaesing <laurenblaesing@markowitzherbold.com>
**Cc:** Alex Rhee <alexrhee@markowitzherbold.com>; Hannah K. Hoffman <hannahhoffman@markowitzherbold.com>; michelle.watkins@doj.state.or.us; Abigail Adams <abigailadams@markowitzherbold.com>; jesse@lohrkelaw.com; michelle@mjo-law.com; tricia.i.gonzalez@doj.state.or.us; Bonnie Richardson <Bonnie@allegiantlaw.com>; Marissa Korbel <Marissa@allegiantlaw.com>; Steven Rizzo <SRizzo@rizzopc.com>; Katrina Shearer <Katrina@allegiantlaw.com>; Shelley Maddox <smaddox@rizzopc.com>; Cheridan Carr <ccarr@rizzopc.com>; Shelley Magar <Shelley@allegiantlaw.com>; Kelsie Crippen <kelsiecrippen@markowitzherbold.com>; Manuella Tshala <Manuella@allegiantlaw.com>
**Subject:** Re: Levi & Conley v. Chapman et al.

Mary,
We can talk at 10:00 a.m. tomorrow. We'll circulate a number.
Harry

---

**From:** Mary Skjelset <MSkjelset@RizzoPC.com>
**Date:** Wednesday, August 21, 2024 at 3:07 PM

EXHIBIT 1
Page 5 of 9

**To:** Lauren Blaesing <laurenblaesing@markowitzherbold.com>
**Cc:** Harry Wilson <harrywilson@markowitzherbold.com>, Alexandra Rhee
<alexrhee@markowitzherbold.com>, Hannah Hoffman <hannahhoffman@markowitzherbold.com>,
"michelle.watkins@doj.state.or.us" <michelle.watkins@doj.state.us>, Abigail Adams
<abigailadams@markowitzherbold.com>, "jesse@lohrkelaw.com" <jesse@lohrkelaw.com>, "michelle@mjo-
law.com" <michelle@mjo-law.com>, "tricia.i.gonzalez@doj.state.or.us" <tricia.i.gonzalez@doj.state.or.us>,
Bonnie Richardson <Bonnie@allegiantlaw.com>, Marissa Korbel <Marissa@allegiantlaw.com>, Steven Rizzo
<SRizzo@RizzoPC.com>, Katrina Shearer <Katrina@allegiantlaw.com>, Shelley Maddox
<smaddox@rizzopc.com>, Cheridan Carr <ccarr@rizzopc.com>, Shelley Magar <Shelley@allegiantlaw.com>,
Kelsie Crippen <kelsiecrippen@markowitzherbold.com>, Manuella Tshala <Manuella@allegiantlaw.com>
**Subject:** RE: Levi & Conley v. Chapman et al.

Hi Lauren,

We should probably confer on our different interpretations of Judge Kasubhai's 7/12/2024 Order *vis a vis* the
DHS-produced documents contained in the LCJC file materials. I believe you were at that hearing, so I cannot
understand how you believe that this ruling applies only to third-party treatment records. At a minimum, we
will need clarity from Judge Kasubhai. Again, we reserve the right to clawback the materials.

Additionally, I'd like to understand the reason that the email from Defendant O'Brien with a picture
(presumably taken from her cellular device) of her trial subpoena from Raygosa's defense counsel was not
previously produced. It fell within the timeframe of the search and included identified search terms. If it was on
your privilege log, please provide the log number. Same for the Hammond email with the final affidavit, which
you suggest you used to prepare him. As these emails relate to the current *in camera* and waiver issues in front
of Judge Kasubhai, we think it important to bring this to his attention.

Let me know when you can talk; I've asked a number of times now. I'd like to send a letter out tomorrow, if at
all possible.

And because you seem uninterested in informing Judge Love that you have sought (and received) the "entire
juvenile court file" from Plaintiffs in the federal cases – including the mental health records of the parents you
claimed not to be seeking – we will so inform the juvenile court, again.

Thanks,
Mary

---

**From:** Lauren Blaesing <laurenblaesing@markowitzherbold.com>
**Sent:** Tuesday, August 20, 2024 4:47 PM
**To:** Mary Skjelset <mskjelset@rizzopc.com>
**Cc:** Harry Wilson <harrywilson@markowitzherbold.com>; Alex Rhee <alexrhee@markowitzherbold.com>; Hannah K.
Hoffman <hannahhoffman@markowitzherbold.com>; michelle.watkins@doj.state.or.us; Abigail Adams
<abigailadams@markowitzherbold.com>; jesse@lohrkelaw.com; michelle@mjo-law.com;
tricia.i.gonzalez@doj.state.or.us; Bonnie Richardson <Bonnie@allegiantlaw.com>; Marissa Korbel
<Marissa@allegiantlaw.com>; Steven Rizzo <SRizzo@rizzopc.com>; Katrina Shearer <Katrina@allegiantlaw.com>;
Shelley Maddox <smaddox@rizzopc.com>; Cheridan Carr <ccarr@rizzopc.com>; Shelley Magar
<Shelley@allegiantlaw.com>; Kelsie Crippen <kelsiecrippen@markowitzherbold.com>; Manuella Tshala
<Manuella@allegiantlaw.com>
**Subject:** RE: Levi & Conley v. Chapman et al.

Mary

EXHIBIT 1
Page 6 of 9

We are seeking the entire juvenile court file.  The language you quote from the Court's July 12  2024 order is addressing your motion concerning third-party subpoenas  it does not address plaintiffs' discovery obligations.  Kelsie's July 16 email concerned the proceeding in the juvenile court  not in federal court.

We will discuss your proposed motion to consolidate with our clients once we see your proposed motion.

Lauren

**Lauren F. Blaesing** | Shareholder
**Markowitz Herbold PC**
1455 SW Broadway, Suite 1900 | Portland, OR  97201
**T** (503) 295-3085 | Bio | Web
Pronouns: she/her/hers

---

**From:** Mary Skjelset <mskjelset@rizzopc.com>
**Sent:** Tuesday, August 20, 2024 2:44 PM
**To:** Lauren Blaesing <laurenblaesing@markowitzherbold.com>
**Cc:** Harry Wilson <harrywilson@markowitzherbold.com>; Alex Rhee <alexrhee@markowitzherbold.com>; Hannah K. Hoffman <hannahhoffman@markowitzherbold.com>; michelle.watkins@doj.state.or.us; Abigail Adams <abigailadams@markowitzherbold.com>; jesse@lohrkelaw.com; michelle@mjo-law.com; tricia.i.gonzalez@doj.state.or.us; Bonnie Richardson <Bonnie@allegiantlaw.com>; Marissa Korbel <Marissa@allegiantlaw.com>; Steven Rizzo <SRizzo@rizzopc.com>; Katrina Shearer <Katrina@allegiantlaw.com>; Shelley Maddox <smaddox@rizzopc.com>; Cheridan Carr <ccarr@rizzopc.com>; Shelley Magar <Shelley@allegiantlaw.com>; Kelsie Crippen <kelsiecrippen@markowitzherbold.com>; Manuella Tshala <Manuella@allegiantlaw.com>
**Subject:** RE: Levi & Conley v. Chapman et al.

Hi Lauren,

To avoid inconsistent rulings and production, I am responding to this email on behalf of Plaintiff Levi, as your assertions relate to rulings and discovery made in our case as well as the Conley matter.

First, could you please clarify: are you asking both Plaintiffs to produce the "documents prepared by DHS, submitted to the Lane County Juvenile Court, and maintained in the juvenile court's supplemental confidential file," despite Judge Kasubhai's instruction that "those documents are not discoverable"? *See* ECF 157. Plaintiff Levi has produced the entire supplemental confidential file, but we had hoped to confer on your interpretation of this order and whether a clawback is appropriate, given that this file includes court reports, case plans, etc. prepared by DHS.

We have received no response to this request to confer aside from a continued reiteration that you want "the entire court file." This position is also at odds with Ms. Crippen's representation to Judge Love that "State Defendants [were] not seeking any of mother's medical or treatment records." *See* July 16, 2024 email.

Second, ECF 157 is limited to "any documents *not already in Defendants' possession* responsive to requests for production 4-31." Therefore, we have a right to inquire whether you – including all of your apparent DOJ co-counsel – in fact have the docket and the legal file and whether the defendants used the materials in this litigation.

Ms. Crippen's characterization of the source of the Hammond Affidavit seems inconsistent with his testimony. He was shown the document by counsel for defendants, and it was signed. He believed it had the court stamp.

EXHIBIT 1
Page 7 of 9

We need to know where counsel obtained it, because it was not produced to us in this litigation – nor were the FTRs he said he obtained in 2018 and did not delete.

Third (and again), I am available now to talk over the phone if y'all would give me a call. If we do not hear from you today, we will produce the documents in their entirety without waiving our rights and privileges under prior rulings and assuming you will at some point answer questions about State Defendants' possession of these materials.

Finally, to ensure consistency in both cases through the remaining discovery, we think it makes sense to consolidate the cases for the finite remaining factual issues. We will circulate a motion tomorrow. Let me know your thoughts. Ultimately, it would be ideal to consolidate for trial to streamline the litigation and save time and money, but I understand the State Defendants are not interested in that.

And we continue to request you correct the record with Judge Love.

Thanks,

Mary

---

**From:** Lauren Blaesing <laurenblaesing@markowitzherbold.com>
**Sent:** Tuesday, August 20, 2024 11:39 AM
**To:** Manuella Tshala <Manuella@allegiantlaw.com>
**Cc:** Harry Wilson <harrywilson@markowitzherbold.com>; Alex Rhee <alexrhee@markowitzherbold.com>; Hannah K. Hoffman <hannahhoffman@markowitzherbold.com>; michelle.watkins@doj.state.or.us; Abigail Adams <abigailadams@markowitzherbold.com>; jesse@lohrkelaw.com; michelle@mjo-law.com; tricia.i.gonzalez@doj.state.or.us; Bonnie Richardson <Bonnie@allegiantlaw.com>; Marissa Korbel <Marissa@allegiantlaw.com>; Steven Rizzo <SRizzo@rizzopc.com>; Katrina Shearer <Katrina@allegiantlaw.com>; Shelley Maddox <smaddox@rizzopc.com>; Cheridan Carr <ccarr@rizzopc.com>; Shelley Magar <Shelley@allegiantlaw.com>; Mary Skjelset <mskjelset@rizzopc.com>; Kelsie Crippen <kelsiecrippen@markowitzherbold.com>
**Subject:** RE: Conley v. Chapman et al.: Case No. 6:23-cv-01353-MK

Manuella

In response to your 4:41 p.m. letter yesterday asking us to respond by 12:00 noon today  please produce the entire juvenile court file in Conley's possession today (including the legal and supplemental confidential file  etc.).

Thank you

Lauren

**Lauren F. Blaesing** | Shareholder
**Markowitz Herbold PC**
1455 SW Broadway, Suite 1900 | Portland, OR  97201
**T** (503) 295-3085 | Bio | Web
Pronouns: she/her/hers

---

**From:** Shelley Magar <Shelley@allegiantlaw.com>
**Sent:** Monday, August 19, 2024 4:41 PM
**To:** Mary Skjelset <mskjelset@rizzopc.com>; Kelsie Crippen <kelsiecrippen@markowitzherbold.com>

EXHIBIT 1
Page 8 of 9

**Cc:** Lauren Blaesing <laurenblaesing@markowitzherbold.com>; Harry Wilson <harrywilson@markowitzherbold.com>; Alex Rhee <alexrhee@markowitzherbold.com>; Hannah K. Hoffman <hannahhoffman@markowitzherbold.com>; michelle.watkins@doj.state.or.us; Abigail Adams <abigailadams@markowitzherbold.com>; jesse@lohrkelaw.com; michelle@mjo-law.com; tricia.i.gonzalez@doj.state.or.us; Bonnie Richardson <Bonnie@allegiantlaw.com>; Marissa Korbel <Marissa@allegiantlaw.com>; Manuella Tshala <Manuella@allegiantlaw.com>; Steven Rizzo <SRizzo@rizzopc.com>; Katrina Shearer <Katrina@allegiantlaw.com>; Shelley Maddox <smaddox@rizzopc.com>; Cheridan Carr <ccarr@rizzopc.com>
**Subject:** Conley v. Chapman et al.: Case No. 6:23-cv-01353-MK

Counsel

Please see attached correspondence from Manuella Tshala regarding the above-referenced matter.

Thank you

### Shelley Magar 

Paralegal
Pronouns (she/her/hers)

 Direct (503) 546-4623 | Main (503) 546-4637

 Shelley@allegiantlaw.com

 www.AllegiantLaw.com

📍 100 SW Main Street, Ste 400
Portland, OR 97204



NOTICE: This email transmission may contain information that is protected by the attorney-client privilege.
If you are not the intended recipient, you are hereby notified that any disclosure, or taking of any action in reliance on the contents, is strictly prohibited.
If you have received this transmission in error, please contact me at (503) 546-4623, destroy any copies, and delete it from your computer system.

EXHIBIT 1
Page 9 of 9

# REDACTED

**From:** Marissa Korbel
**Sent:** Monday, November 13, 2023 10:49 AM
**To:** Lauren Blaesing <laurenblaesing@markowitzherbold.com>; Bonnie Richardson <Bonnie@allegiantlaw.com>; Steven Rizzo <SRizzo@rizzopc.com>; Shelley Maddox <smaddox@rizzopc.com>; Mary Skjelset <mskjelset@rizzopc.com>; Cheridan Carr <ccarr@rizzopc.com>
**Cc:** Harry Wilson <harrywilson@markowitzherbold.com>; Alex Rhee <alexrhee@markowitzherbold.com>; Hannah K. Hoffman <hannahhoffman@markowitzherbold.com>; jill.schneider@doj.state.or.us; nicholas.mancuso@doj.state.or.us
**Subject:** RE: Levi v. Chapman, et al. USDC Case # 6:22-cv-01813-MK - Consolidation

Thanks, Lauren. I'll get the motion to consolidate together and note that it is unopposed by counsel for defendants and counsel for JC.

**From:** Lauren Blaesing <laurenblaesing@markowitzherbold.com>
**Sent:** Monday, November 13, 2023 10:47 AM
**To:** Bonnie Richardson <Bonnie@allegiantlaw.com>; Steven Rizzo <SRizzo@rizzopc.com>; Shelley Maddox <smaddox@rizzopc.com>; Mary Skjelset <mskjelset@rizzopc.com>; Cheridan Carr <ccarr@rizzopc.com>; Marissa Korbel <Marissa@allegiantlaw.com>
**Cc:** Harry Wilson <harrywilson@markowitzherbold.com>; Alex Rhee <alexrhee@markowitzherbold.com>; Hannah K. Hoffman <hannahhoffman@markowitzherbold.com>; jill.schneider@doj.state.or.us; nicholas.mancuso@doj.state.or.us
**Subject:** RE: Levi v. Chapman, et al. USDC Case # 6:22-cv-01813-MK - Consolidation

**Exhibit 2**
**Page 1 of 6**

Bonnie, Marissa, Steve, and Mary:

Thank you for discussion of your positions at the conferral last week.  State Defendants will agree to consolidation of the *Conley*/Z.C. case with  the *Levi*/J.C. case, except as for trial.

Lauren

**Lauren F. Blaesing** | Lawyer
**Markowitz Herbold PC**
1455 SW Broadway, Suite 1900 | Portland, OR  97201
**T** (503) 295-3085 | Bio | Web
Pronouns: she/her/hers

---

**From:** Bonnie Richardson <Bonnie@allegiantlaw.com>
**Sent:** Thursday, November 9, 2023 11:15 AM
**To:** Lauren Blaesing <laurenblaesing@markowitzherbold.com>; Steven Rizzo <SRizzo@rizzopc.com>; Shelley Maddox <smaddox@rizzopc.com>; Mary Skjelset <mskjelset@rizzopc.com>; Cheridan Carr <ccarr@rizzopc.com>; Marissa Korbel <Marissa@allegiantlaw.com>
**Cc:** Harry Wilson <harrywilson@markowitzherbold.com>; Alex Rhee <alexrhee@markowitzherbold.com>; Hannah K. Hoffman <hannahhoffman@markowitzherbold.com>; jill.schneider@doj.state.or.us; nicholas.mancuso@doj.state.or.us
**Subject:** RE: Levi v. Chapman, et al. USDC Case # 6:22-cv-01813-MK - Consolidation

Lauren and all,
Thanks for the conferral on the consolidation discussion. Do talk with your decision-makers about consolidating for all things except trial. We can revisit at a later date whether to consolidate for trial. I think that is a nice compromise for now and the best part of consolidating is making it more efficient for the court and less costly for the defense and for us too. I hope my putting a deadline on your decision is ok because we do need to keep this moving along. **Please get back to us with your decision by Monday 11/13 at 1 p.m.** because we'd like to get something filed with the court one way or the other.
And feel free to call anytime too,
Bonnie

Same Firm, New Name!  Richardson Wang LLP is now Allegiant Law.

**Bonnie Richardson**
Attorney
Pronouns (she/her/hers)

 Direct (503) 227-2022| Main (503) 546-4637

 Bonnie@AllegiantLaw.com

 AllegiantLaw.com

 100 SW Main Street, Ste. 400
Portland, OR 97204



NOTICE: This email transmission may contain information that is protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that any disclosure, or taking of any action in reliance on the contents, is strictly prohibited. If you have received this transmission in error, please contact me at (503) 227-2022, destroy any copies, and delete it from your computer system.

**Exhibit 2**
**Page 2 of 6**

**From:** Lauren Blaesing <laurenblaesing@markowitzherbold.com>
**Sent:** Wednesday, November 8, 2023 7:20 PM
**To:** Steven Rizzo <SRizzo@rizzopc.com>; Shelley Maddox <smaddox@rizzopc.com>; Mary Skjelset <mskjelset@rizzopc.com>; Cheridan Carr <ccarr@rizzopc.com>; Bonnie Richardson <Bonnie@allegiantlaw.com>; Marissa Korbel <Marissa@allegiantlaw.com>
**Cc:** Harry Wilson <harrywilson@markowitzherbold.com>; Alex Rhee <alexrhee@markowitzherbold.com>; Hannah K. Hoffman <hannahhoffman@markowitzherbold.com>; jill.schneider@doj.state.or.us; nicholas.mancuso@doj.state.or.us
**Subject:** RE: Levi v. Chapman, et al. USDC Case # 6:22-cv-01813-MK - Consolidation

How about Thursday (tomorrow) 11:00-11:30 or 1:00-2:00 or Monday 3:00-5:00?

Lauren F. Blaesing | Lawyer
**Markowitz Herbold PC**
1455 SW Broadway, Suite 1900 | Portland, OR  97201
**T** (503) 295-3085 | Bio | Web
Pronouns: she/her/hers

**From:** Steven Rizzo <SRizzo@rizzopc.com>
**Sent:** Wednesday, November 8, 2023 4:06 PM
**To:** Lauren Blaesing <laurenblaesing@markowitzherbold.com>; Harry Wilson <harrywilson@markowitzherbold.com>; Alex Rhee <alexrhee@markowitzherbold.com>; Hannah K. Hoffman <hannahhoffman@markowitzherbold.com>; jill.schneider@doj.state.or.us; nicholas.mancuso@doj.state.or.us; Heather Laske <heatherlaske@markowitzherbold.com>
**Cc:** Bonnie Richardson <Bonnie@allegiantlaw.com>; Marissa@allegiantlaw.com; Mary Skjelset <mskjelset@rizzopc.com>; Cheridan Carr <ccarr@rizzopc.com>; Shelley Maddox <smaddox@rizzopc.com>
**Subject:** RE: Levi v. Chapman, et al. USDC Case # 6:22-cv-01813-MK - Consolidation

Lauren, et al,

To clarify, at issue is your proposed hybrid form of consolidation, which affects all parties.

As far as I am concerned, Z.C.'s "manner" of conferring with you is a non-issue.

Again, let everyone know when you are available to confer.

Thanks,

Steve
**Steven Rizzo (he/him/his)**
**srizzo@rizzopc.com**

 RIZZO | BOSWORTH | ERAUT PC

1300 SW Sixth Avenue | Suite 330 | Portland, Oregon 97201
☎: 503.229.1819 | 🖷: 503.229.0630 | 🌐: www.rizzopc.com
Offices in Oregon and Washington

*********NOTICE OF CONFIDENTIAL AND PRIVILEGED INFORMATION*********

This e-mail and attachment, if any, is confidential and may contain attorney-client privileged information or attorney work-product. If you are not the intended recipient, you may not disclose, use, disseminate, distribute, copy or rely upon this message or attachment in any way.  If you received this e-mail message in error, please return by forwarding the message and attachment to the sender and destroy the original.

**Exhibit 2**
**Page 3 of 6**

**From:** Lauren Blaesing <laurenblaesing@markowitzherbold.com>
**Sent:** Wednesday, November 8, 2023 2:48 PM
**To:** Steven Rizzo <SRizzo@rizzopc.com>
**Cc:** Bonnie Richardson <Bonnie@allegiantlaw.com>; Marissa@allegiantlaw.com; Mary Skjelset <mskjelset@rizzopc.com>; Cheridan Carr <ccarr@rizzopc.com>; Shelley Maddox <smaddox@rizzopc.com>; Harry Wilson <harrywilson@markowitzherbold.com>; Alex Rhee <alexrhee@markowitzherbold.com>; Hannah K. Hoffman <hannahhoffman@markowitzherbold.com>; jill.schneider@doj.state.or.us; nicholas.mancuso@doj.state.or.us
**Subject:** RE: Levi v. Chapman, et al. USDC Case # 6:22-cv-01813-MK - Consolidation

Steve,

Your understanding is incorrect.  This is Conley/Z.C.'s motion and Z.C.'s conferral.  If you have an issue with the manner in which counsel for Z.C is conducting conferral on their motion, you should address that with counsel for Z.C.  We're happy to have a joint conferral, but as it's Z.C.'s motion, we'll defer to counsel for Z.C. on whether they want to proceed that way.

Lauren

**Lauren F. Blaesing** | Lawyer
**Markowitz Herbold PC**
1455 SW Broadway, Suite 1900 | Portland, OR  97201
**T** (503) 295-3085 | Bio | Web
Pronouns: she/her/hers

**From:** Steven Rizzo <SRizzo@rizzopc.com>
**Sent:** Tuesday, November 7, 2023 3:19 PM
**To:** Lauren Blaesing <laurenblaesing@markowitzherbold.com>; Harry Wilson <harrywilson@markowitzherbold.com>; Alex Rhee <alexrhee@markowitzherbold.com>; Hannah K. Hoffman <hannahhoffman@markowitzherbold.com>; jill.schneider@doj.state.or.us; nicholas.mancuso@doj.state.or.us; Heather Laske <heatherlaske@markowitzherbold.com>
**Cc:** Bonnie Richardson <Bonnie@allegiantlaw.com>; Marissa@allegiantlaw.com; Mary Skjelset <mskjelset@rizzopc.com>; Cheridan Carr <ccarr@rizzopc.com>; Shelley Maddox <smaddox@rizzopc.com>
**Subject:** RE: Levi v. Chapman, et al. USDC Case # 6:22-cv-01813-MK - Consolidation

Lauren et al.,

If I understand correctly, you were leaving it up to Z.C. to relay your position on a potential consolidation, without copying Plaintiff.

And you wrote to Z.C. at some point, indicating what you do not think. So, do you think consolidation would make sense only for non-dispositive motions (such as your impending motion to amend the answer without stating the reason why) and fact discovery?  That doesn't make good sense to me.

How about if we have a frank conference call to discuss the issues?

Let everyone know when you are available to confer and we will set up the call.

Thanks,

Steve
**Steven Rizzo (he/him/his)**
**srizzo@rizzopc.com**

4

**Exhibit 2**
**Page 4 of 6**



1300 SW Sixth Avenue | Suite 330 | Portland, Oregon 97201
☎ : 503.229.1819 | 🖷 : 503.229.0630 | 🌐: www.rizzopc.com
Offices in Oregon and Washington

*********NOTICE OF CONFIDENTIAL AND PRIVILEGED INFORMATION*********

This e-mail and attachment, if any, is confidential and may contain attorney-client privileged information or attorney work-product. If you are not the intended recipient, you may not disclose, use, disseminate, distribute, copy or rely upon this message or attachment in any way.  If you received this e-mail message in error, please return by forwarding the message and attachment to the sender and destroy the original.

---

**From:** Lauren Blaesing <laurenblaesing@markowitzherbold.com>
**Sent:** Tuesday, November 7, 2023 2:17 PM
**To:** Steven Rizzo <SRizzo@rizzopc.com>; Mary Skjelset <mskjelset@rizzopc.com>; Cheridan Carr <ccarr@rizzopc.com>; Shelley Maddox <smaddox@rizzopc.com>
**Cc:** Marissa@allegiantlaw.com; Bonnie Richardson <Bonnie@allegiantlaw.com>; Harry Wilson <harrywilson@markowitzherbold.com>; Alex Rhee <alexrhee@markowitzherbold.com>; Hannah K. Hoffman <hannahhoffman@markowitzherbold.com>; jill.schneider@doj.state.or.us; nicholas.mancuso@doj.state.or.us
**Subject:** RE: Levi v. Chapman, et al. USDC Case # 6:22-cv-01813-MK - Plaintiff's Objection to Kids First Subpoena

Steve and Mary:

I've updated the subject line of this email and taken Kids FIRST's counsel (Alexandra Hilsher) off this thread.  I've copied Z.C.'s counsel Marissa and Bonnie.

Z.C.'s counsel told us they are planning to file a motion to consolidate Z.C.'s lawsuit (*Conley v. Chapman, et al.*) with J.C.'s case (*Levi v. Chapman, et al.*) and asked whether state defendants object to their motion.

Here is the position I wrote to  Z.C.'s counsel:  "Defendants will agree to consolidate this [Z.C.] matter with the Levi  (J.C.) case for discovery only.  We do not agree with consolidation for trial given the different facts and legal claims.  For the same reason, we do not think consolidation for dispositive motions or exchange of any expert reports would make sense, but we're willing to revisit those pieces at a later juncture."

The consolidation motion is Z.C./Conley's motion so I leave it up to their counsel to confer with you on J.C./Levi's position.

Lauren

**Lauren F. Blaesing** | Lawyer
**Markowitz Herbold PC**
1455 SW Broadway, Suite 1900 | Portland, OR  97201
**T** (503) 295-3085 | Bio | Web
Pronouns: she/her/hers

---

**From:** Steven Rizzo <SRizzo@rizzopc.com>
**Sent:** Tuesday, November 7, 2023 12:22 PM
**To:** Lauren Blaesing <laurenblaesing@markowitzherbold.com>; Harry Wilson <harrywilson@markowitzherbold.com>; Alex Rhee <alexrhee@markowitzherbold.com>; Hannah K. Hoffman <hannahhoffman@markowitzherbold.com>; jill.schneider@doj.state.or.us; nicholas.mancuso@doj.state.or.us; Heather Laske

**Exhibit 2**
**Page 5 of 6**

<heatherlaske@markowitzherbold.com>
**Cc:** Alexandra Hilsher <AHilsher@hershnerhunter.com>; Mary Skjelset <mskjelset@rizzopc.com>; Cheridan Carr
<ccarr@rizzopc.com>; Shelley Maddox <smaddox@rizzopc.com>; Marissa@allegiantlaw.com
**Subject:** RE: Levi v. Chapman, et al. USDC Case # 6:22-cv-01813-MK - Plaintiff's Objection to Kids First Subpoena

Lauren, Harry, Alex, Hannah, Jill, Nick,

It has come to my attention that you have been discussing a consolidation of this action with counsel for *Z.C.*

Let me know when you plan to include this office in these discussions.

Steve

**Steven Rizzo (he/him/his)**
**srizzo@rizzopc.com**

 RIZZO | BOSWORTH | ERAUT PC

1300 SW Sixth Avenue | Suite 330 | Portland, Oregon 97201
☎: 503.229.1819 | 🖷: 503.229.0630 | 🌐: www.rizzopc.com
Offices in Oregon and Washington

*********NOTICE OF CONFIDENTIAL AND PRIVILEGED INFORMATION*********

This e-mail and attachment, if any, is confidential and may contain attorney-client privileged information or attorney work-product. If
you are not the intended recipient, you may not disclose, use, disseminate, distribute, copy or rely upon this message or attachment in
any way.  If you received this e-mail message in error, please return by forwarding the message and attachment to the sender and
destroy the original.

**Exhibit 2**
**Page 6 of 6**



**Lauren F. Blaesing | Lawyer**
LaurenBlaesing@MarkowitzHerbold.com

February 2, 2024

<u>**Via Email Only**</u>

Steven V. Rizzo
Mary D. Skjelset
Rizzo Bosworth Eraut PC
1300 SW Sixth Avenue, Suite 330
Portland, OR 97201
srizzo@rizzopc.com
mskjelset@rizzopc.com

**Re:    Ethan Levi v. Kim Chapman, et al.**
**US District Court for Oregon (Eugene) Case No. 6:22-cv-01813-MK**

Dear Counsel:

We write in response to your letter dated January 5, 2024, regarding State Defendants'
privilege logs and the depositions plaintiff intends to notice.

**I.    Plaintiff's Challenges to State Defendants' Privilege Logs**

State Defendants have reviewed the 123 fully-withheld and 7 partially-withheld
documents identified in your letter, as well as previously produced duplicates and
versions of those documents, and have made the following determinations.  State
Defendants' document-by-document response is included in the below Appendices.

**A.    Email Communications with Third Parties**

State Defendants confirmed that the email documents listed in plaintiff's Appendix A
were inadvertently withheld, as they include third parties.  We will produce the fully
withheld documents and re-produce the partially withheld documents without
redactions.

**Exhibit 3**
**Page 1 of 5**

Steven V. Rizzo
Mary Skjelset
February 2, 2024
Page 2

### B.    Previously Produced Email Communications

Upon review, State Defendants can confirm that duplicates (or versions) of some of the email communications listed in plaintiff's Appendices B and C were previously produced, either in this case or in the probate matter.  For most of these documents, we will remove them from the privilege log and produce them (or produce with redactions), as noted in the below Appendices B and C.

Discovery in this case has been complex due to the large volume of both ESI and hard-copy documents collected from multiple sources, as well as the fact that some documents were previously produced in the probate matter.  State Defendants have reviewed more than 71,000 documents in this case, with the review universe including not only different recipients' copies of the same email, but also extended email threads across time and multiple custodians.  Not all communication with the same or related substantive content can be de-duplicated because the documents are not exact duplicates.  Despite our best efforts, some email documents with the same contents were not produced with 100% consistency.

### C.    Alleged Over-Designations

As noted above, State Defendants determined that duplicates (or versions) of some documents included in plaintiff's Appendix C have been previously produced.  We will produce some of these documents and remove them from the privilege log.

The remainder of the documents listed on Appendix C are privileged.  We decline plaintiff's request to provide the documents on Appendix C for plaintiff's own evaluation.  We have reviewed and stand by the privilege or work-product assertion on each, and accordingly it is not appropriate for plaintiff's counsel to view the content of the privileged communications.

Plaintiff contends that some email documents listed on Appendix C are not privileged because they "involve exchanges between non-attorneys."  Non-attorney employees must necessarily relay, discuss, and implement legal advice to ODHS.  Many of these email chains started with an email from Assistant Attorney General Tricia Gonzalez providing legal advice to ODHS workers regarding the dependency case and associated permanency plan for plaintiff's family.  Even though the last-in-time email on the privilege log does not include Ms. Gonzalez, it contains discussions of her legal advice and therefore remains privileged.  *See Datel Holdings Ltd. v. Microsoft Corp.*, No. C-09-

**Exhibit 3**
**Page 2 of 5**

Steven V. Rizzo
Mary Skjelset
February 2, 2024
Page 3

05535 EDL, 2011 WL 866993, at *5 (N.D. Cal. Mar. 11, 2011) (explaining that the attorney-client privilege "may attach to communications between nonlegal employees where: (1) the employees discuss or transmit legal advice given by counsel; and (2) an employee discusses her intent to seek legal advice about a particular issue.") (quotation marks omitted; quoting *U.S. v. ChevronTexaco Corp.*, 241 F. Supp. 2d. 1065, 1077 (N.D. Cal. 2002)).

Further, the email communications between ODHS workers and Oregon DOJ's non-attorney employees, such as paralegals, are privileged because these employees are counsel's agents who communicated with ODHS workers to assist counsel with providing legal advice. *See United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) ("The attorney-client privilege may extend to communications with third parties who have been engaged to assist the attorney in providing legal advice."); *Domingo v. Donahoe*, No. C-11-05333CRB (EDL), 2013 WL 4040091, at *5 n.1 (N.D. Cal. Aug. 7, 2013) ("The Court rejects Plaintiff's argument that this communication is not privileged because Ms. di Mambro is not an attorney.  She is a paralegal for the USPS Law Department, and not only does the attorney-client privilege extend[] to third parties who assist an attorney, but work product protects documents prepared by a party or its agent regardless of whether that agent is an attorney.") (citations omitted).

Lastly, the email documents listed on Appendix C that copy Ms. Gonzalez are privileged because they involve ODHS workers providing information to Ms. Gonzalez to facilitate her legal advice to ODHS.  These communications are privileged: "the privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice." *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981); *United States v. Rowe*, 96 F.3d 1294, 1297 (9th Cir. 1996) ("fact-finding which pertains to legal advice counts as 'professional legal services'").

## D.    Claw-Back of Inadvertently Produced Documents

In the process of reviewing the documents in plaintiff's Appendices B and C, we determined that a handful of documents are privileged and were inadvertently produced in this case.  Pursuant to Paragraph 19(a) of the Amended Protective Order (Dkt. 91), we request that you delete all copies of the documents with the following beginning Bates numbers from your files:

**Exhibit 3**
**Page 3 of 5**

Steven V. Rizzo
Mary Skjelset
February 2, 2024
Page 4

- DHS_LEVI_025969[1]
- DHS_LEVI_064799
- DHS_LEVI_064800
- DHS_LEVI_068748
- DHS_LEVI_068749

Please confirm by Friday, February 9, 2024, that all copies of the documents identified above have been deleted from your system.

## II.    Plaintiff's Request For at Least 25 Depositions

In your January 5 letter, plaintiff requested depositions of 15 ODHS employees, one Oregon DOJ lawyer, five third parties, and possibly three or more additional ODHS employees.  Plaintiff also requested "several" Rule 30(b)(6) depositions.  Rule 30(a)(2)(A)(i) prohibits more than 10 depositions without leave of the Court or the stipulation of the parties.  As discussed during the January 23 telephone conferral, State Defendants do not necessarily oppose plaintiff's request to exceed the 10 deposition limit.  That said, the request for as many as 25 depositions is excessive and not proportional to the needs of the case, as set out in Rule 26(b)(1), given the span of time and the number of decision makers involved in the underlying events.  In addition, as we have stated in conferral, ODHS objects to plaintiff's demand to depose its counsel in the juvenile dependency proceedings.  AAG Gonzalez does not have non-privileged knowledge of the matters at issue.

Moreover, *Conley v. Chapman*, Case No. 6:23-cv-01353-MK (D. Or.), also pending before the Court, involves the same witnesses and documents because plaintiffs in *Levi* and *Conley* were placed in the same resource home and were part of a single permanency case and a common juvenile dependency matter.  State Defendants will stipulate to allowing 25 total depositions on the condition that all depositions must be conducted jointly with plaintiff's counsel from *Conley*.  Pursuant to this condition, plaintiff in this matter and plaintiff in *Conley* cannot take separate depositions of the same ODHS (or DOJ) witness on separate days.

---

[1] State Defendants have produced versions of this email document with redactions (*i.e.*, DHS_LEVI_065821).  We will re-produce this document with consistent redactions.

**Exhibit 3**
**Page 4 of 5**

Steven V. Rizzo
Mary Skjelset
February 2, 2024
Page 5


Along with this letter, State Defendants provide a chart listing the witnesses' available dates for depositions.  This chart is subject to change as witnesses cannot hold dates on this chart indefinitely.  We do not represent former ODHS employee Lene Ferrari.

Very truly yours,

*Lauren Blaesing*

Lauren F. Blaesing
Special Assistant Attorney General


Enclosures

**Exhibit 3**
**Page 5 of 5**

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2024, I caused to be served a copy of the foregoing

**DECLARATION OF MARISSA KORBEL IN SUPPORT OF JOINDER MOTION TO**

**CONSOLIDATE** on the following person in the manner indicated below at the following address:

Lauren F. Blaesing, OSB No. 113305
LaurenBlaesing@markowitzherbold.com
Harry B. Wilson, OSB No. 077214
HarryWilson@markowitzherbold.com
Hannah K. Hoffman, OSB No. 183641
HannahHoffman@markowitzherbold.com
Alexandra L. Rhee, OSB No. 230770
AlexRhee@markowitzherbold.com
Markowitz Herbold PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
  Attorneys for Defendants


☒ by **CM/ECF**

☒ by **Electronic Mail**

☐ by **US Postal Service**

☐ by **Hand Delivery**

☐ by **Overnight Delivery**


By _____
    Bonnie Richardson, OSB No. 983331
    bonnie@allegiantlaw.com
    Marissa Korbel, OSB No. 230272
    marissa@allegiantlaw.com
    Manuella Tshala, OSB No. 225148
    manuella@allegiantlaw.com
        Attorneys for Plaintiff


CERTIFICATE OF SERVICE