UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| ETHAN LEVI,<br><br>    Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et. al,<br>    Defendants. | Case No. 6:22-cv-01813-MTK<br><br>**OPINION AND ORDER** |
| OREGON DEPARTMENT OF HUMAN SERVICES,<br><br>    Third Party Plaintiff,<br><br>v.<br><br>JOE ALBERT RAYGOSA,<br><br>    Third Party Defendant. | |
| SHANNON CONLEY,<br><br>    Plaintiff,<br><br>v.<br><br>KIM CHAPMAN, et. al,<br>    Defendants. | Case No. 6:23-cv-01353-MTK |

**KASUBHAI,** United States District Judge:

Page 1 — ORDER

The Court held a status conference by video for the related cases captioned above on December 20, 2024. Based on the parties' briefing, written submissions, arguments presented in court, and for the reasons articulated by the Court on the record, the Court Orders the following:

**I.        Motion to Consolidate —** *Levi* **ECF No. 255;** *Conley* **ECF No. 135.**

Plaintiffs' Motions to Consolidate for trial purposes are GRANTED. Fed. R. Civ. P. "42(a) authorizes the judge to consolidate, for trial or pretrial, actions pending in the same court involving common questions of law or fact if it will avoid unnecessary cost or delay." *Manual for Complex Litigation* (Fourth) § 11.631 at 121 (2004). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018) (citing 9A C. Wright & A. Miller, Federal Practice and Procedure § 2383 (3d ed. 2008). The Court must evaluate:

> whether the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

9A Wright & Miller § 2383 (quoting *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982), *on reh'g,* 712 F.2d 899 (4th Cir. 1983)).

Here, the Court finds that the benefits of consolidating these cases for trial far outweigh the risk of undue prejudice to Defendants. While the cases are not identical, there is sufficient factual and legal overlap such that consolidation will significantly increase efficiency and convenience to the parties, witnesses, and the Court. Consolidation will also significantly decrease the financial and temporal litigation costs for all counsel. Any potential risk of confusion to the jury can be mitigated with appropriate jury instructions. As permitted by the Local Rules, the Court declines to designate a lead case. LR 42-4. The parties are Ordered to

continue filing separately in each respective case. The Court will issue separate trial management orders for each case.

**II.     Defendants' Motion for Reconsideration to Compel Deposition of J.C. — *Levi* ECF No. 257.**

Defendants' Motion for Reconsideration of the Order Denying the Motion to Compel J.C.'s Deposition is GRANTED. The Court ADOPTS Plaintiff Levi's Limitations on Manner:

1. Location – The deposition shall be held in a location of J.C.'s choosing;
2. Length – The deposition shall not exceed two hours;
3. Support person – J.C. may have one (or more) support persons, in addition to counsel and Conservator, to provide comfort and support;
4. Breaks – J.C. may take breaks as needed and may discontinue the deposition if needed;
5. No video recording – The defendants may not video record the deposition; and
6. Designations – The deposition shall be considered Highly Confidential under the Protective Order in place.

*See* Pl. Levi's Response to Defs.' Mot. to Reconsider at 18-19 sub-sections (f)-(k), ECF No. 266. A status conference is SET in *Levi* for January 22, 2025 at 9:30 AM by video to discuss additional boundaries to be set by the Court. By January 17, 2025, the parties shall confer and submit to the Court a Joint Proposed Plan ("JPP") for the taking of J.C.'s deposition. The JPP shall include the provisions of the plan that the parties agree to and separately proposed provisions where there is disagreement. Defendants must disclose who will be taking the deposition and provide a detailed outline of the proposed subject areas and topics intended to be covered. An expert familiar with J.C. shall advise on best practices and proposed measures to minimize the potential harm to J.C. Whether the deposition takes place is contingent on the Court's final plan approval.

Within 7 days of the completion of J.C.'s deposition, Plaintiff Levi shall notify all parties whether he intends to call J.C. to testify as a witness at trial. If Plaintiff Levi decides to call J.C. to testify as a trial witness the Court will entertain Defendants' motion to reopen the deposition of J.C.

### III. Plaintiff Levi's Motion to Exclude or Strike Figoten's Expert Rebuttal Testimony — *Levi* ECF No. 259; *Conley* ECF No. 138.

Plaintiff Levi's Motion to Exclude or Strike Figoten's Expert Rebuttal Testimony is GRANTED in part. Ms. Figoten's opinion regarding Fresno County's investigation (or lack thereof) of abuse and neglect allegations following the death of the child in Raygosa and Duncan's care in California is STRICKEN.

A testifying expert's "report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P 26(a)(2)(B). Rule 26(a)(2)(D) provides that a party "must make these disclosures at the times and in the sequence that the court orders." Under Rule 37(c)(1), "[i]If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The party facing exclusion bears the burden of showing substantial justification or harmlessness, otherwise, exclusion is automatic. *Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011).

Defendants' failure to disclose Figoten's so-called supplemental opinions in the written report is neither substantially justified nor harmless. Defendants have had years to allege that Fresno County or its officials are at fault, caused, or contributed to Defendants' alleged deliberate indifference in certifying the Duncan-Raygosa home. Defendants made no effort to

amend their "Fault of Others" affirmative defense and they failed to identify Freson County or its officials in response to plaintiff Levi's interrogatories seek additional information about this defense. Nor did they supplement their response during discovery. Prior to the disclosure of Figoten's expert report on October 29, 2024, the plaintiffs were unaware that Defendants planned to argue that anyone other than Raygosa was responsible for Defendants' allegedly deliberate failure to obtain collateral information as required when certifying a foster home. Defendants argument that they are not attributing fault to Fresno County while preparing to present Figoten's opinion that but-for Fresno County's failings, DHS would have discovered the allegations of abuse in Fresno County prior to certifying the Duncan-Raygosa home, is a false distinction and not well taken. Evidence of Figoten's opinions and conclusions regarding Fresno County's apparent negligence, fault, and mistakes following the death of the child in Duncan and Raygosa's foster care in California are inadmissible.

Plaintiffs motion to complete Figoten's deposition on her handwritten notes, which, contrary to the practice of the parties during this litigation, were not produced until after the deposition, is GRANTED. Each party shall bear their own costs.

IV.     **Plaintiffs' Anticipated Motion for Spoliation.**

By January 22, 2025, Plaintiffs shall file their motions regarding spoliation of evidence. Response is due February 12, 2025. Reply is due February 21, 2025.

/ / /

/ / /

/ / /

/ / /

/ / /

V.   **Scheduling Orders**

1. Deadline for each Plaintiff's response to Defendants' Motion for Partial Summary Judgment (*Levi* ECF No. 253; *Conley* ECF No. 133) is January 31, 2025. Reply is due February 14, 2025.

2. Oral Argument on Defendants' Motions for Partial Summary Judgment and Plaintiffs' anticipated motion for spoliation motion is SET for March 3, 2025 at 9:30 AM in Judge Kasubhai's Courtroom 1.

3. Pretrial Conference for *Levi* and *Conley* is RESET to March 6-7, 2025, starting at 9:30 AM in Judge Kasubhai's Courtroom 1.

4. A four-week jury trial for *Levi* and *Conley* is SET to begin April 21, 2025 in Judge Kasubhai's Courtroom 1.

DATED this 20th day of December 2024.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge